UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                        Case No. 97-81440

v.

                        Honorable Patrick J. Duggan

CONNIE BLAIR,

    Defendant.
    _____/

## OPINION REGARDING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 2, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This matter is before the Court on Defendant Connie Blair's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). Defendant's motion has been fully briefed. For the reasons set forth below, the Court will grant, in part, Defendant's motion.

**I.    Background**

On May 6, 1998, Defendant was charged, by superseding indictment, with five counts of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), one count of engaging in a continuing criminal enterprise in violation

of 21 U.S.C. § 848, and one count of conspiring to launder money in violation of 18 U.S.C. § 1956(h).  Defendant entered a plea of *nolo contendre* to, and the Court later found her guilty of, one count of possession with the intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and one count of conspiring to launder money in violation of 18 U.S.C. § 1965(h) on October 27, 1998.  In exchange for her plea, the government agreed to dismiss the remaining five counts in the superseding indictment.

The parties agree that the Court determined Defendant's sentence as follows.  At the time of sentencing, the quantity of crack cocaine possessed by Defendant resulted in a base offense level of 34.[1]  Defendant's base offense level was enhanced by two points under § 3B1.1 of the United States Sentencing Guidelines ("U.S.S.G.")(setting forth two level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity"), and two points under U.S.S.G. § 3B1.4 (setting forth two level enhancement "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for,

---

[1] In her brief in support of her motion, Defendant argued that at her sentencing the Court rejected the recommended four-level enhancement in the PSR for Defendant's role in the offense, which according to Defendant, would result in a sentence below the statutory minimum of 120 months if the Court applies the amended guidelines in the crack amendment.  In her reply, however, Defendant acknowledges that while the Court rejected the recommended four-level enhancement in the PSR for her role, the Court did impose a two-level enhancement for Defendant's role under U.S.S.G. § 3B1.1.  Therefore, to the extent Defendant originally urged the Court to apply the "safety valve" provision in 18 U.S.C. § 3553(f) to impose a sentence of 108 months, which is less than the 120-month mandatory minimum for possession with the intent to distribute in violation of 21 U.S.C. § 841, Defendant has abandoned this argument.

the offense"). A three-level reduction for Defendant's acceptance of responsibility was then applied, *see* U.S.S.G. § 3E1.1, yielding a total offense level of 35. Taking into account Defendant's Category I criminal history, the guideline range applicable to Defendant was 168-210 months. *See* U.S.S.G. Ch. 5 Pt. A (1998). The Court ultimately sentenced Defendant to 168 months' imprisonment on each count, to run concurrently.[2]

## II. Proceedings Under 18 U.S.C. § 3582(c)(2)

Generally, federal courts do not have jurisdiction to modify a sentence already imposed. *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006)(referring to 18 U.S.C. § 3582). As relevant to this case, Congress has created an exception to this rule, which is codified at 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows a federal court to modify a sentence already imposed

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [ 18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement provides that the court "shall not reduce the

---

[2]Defendant's conviction for conspiring to launder money was grouped together with her conviction for possession with the intent to distribute crack cocaine pursuant to U.S.S.G. § 3D1.2. Therefore, the guideline range of 168-210 months was also applicable to the money laundering offense. *See* U.S.S.G. § 3D1.3(a).

3

defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." unless "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing . . . ." U.S.S.G. § 1B1.10(b)(2), p.s. In determining the amended guideline range, the applicable policy statement provides that the court "shall substitute" the new guideline range under the crack amendment for the guideline range that was applied "when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

### III. Discussion

#### A. Whether to Grant Reduction In Defendant's Term of Imprisonment

The parties agree that Defendant is eligible for a reduction in her term of imprisonment under § 3582(c)(2), because the United States Sentencing Commission ("Commission") has retroactively lowered the guideline range with respect to Defendant's sentence for possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Effective November 1, 2007, the Commission enacted Amendment 706 (as amended by Amendment 711) to the Sentencing Guidelines (hereinafter referred as the "crack amendment"). Generally, the crack amendment reduces the disparity of sentences imposed on those convicted of possession of different forms of cocaine, such that the base offense level associated with a quantity of crack cocaine is lowered by two levels. *See* U.S. SENTENCING GUIDELINES MANUAL, Supplement to Appendix C 226-31 (2007). Effective March 3, 2008, the Commission made the crack amendment retroactive. *See* U.S. SENTENCING GUIDELINES MANUAL,

Supplement to the 2007 Guidelines Manual i, 1-4 (Mar. 3, 2008).

The parties also agree that substituting the amended base offense level as provided in the crack amendment reduces Defendant's base offense level from 34 to 32. *See* U.S.S.G. § 2D1.1(c)(May 1, 2008). Applying the two-level enhancement under § 3B1.1, the two-level enhancement under § 3B1.4, and the three-level reduction under § 3E1.1, Defendant's new offense level after application of the new guideline range is 33. Taking into consideration Defendant's Category I criminal history, Defendant's new guidelines range is 135-168. U.S.S.G. Ch. 5, Pt. A. As required by § 3582(c)(2) and U.S.S.G. § 1B1.10, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as Defendant's post-conviction conduct. Based on the same, the Court finds that a reduction in Defendant's term of imprisonment from 168 to 135 months, the lowest end of the amended guideline range, is warranted.

### B. Extent of Reduction

Citing *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), a case in which the Ninth Circuit held that *United States v. Booker*, 543 U.S. 120, 125 S. Ct. 738 (2005) applies to proceedings under § 3582(c)(2), Defendant urges the Court to reduce her sentence to 120 months, the mandatory minimum for possession with the intent to distribute, *see* 21 U.S.C. § 841(b)(1)(A). Contrary to the Ninth Circuit's decision in *Hicks*, the majority of circuit courts and district courts that have considered whether *Booker* applies in proceedings under § 3582(c)(2) have held that it does not. *See, e.g., United States v. Rodriguez-Pena*, 470 F.3d 431, 433 (1st Cir. 2006)*; United States v. Price*, 438 F.3d 1005, 1007 n.2 (10th Cir. 2006)(citing cases); *United States v. Speights*,

5

__ F. Supp. 2d __, 2008 WL 2487389, 2008 U.S. Dist. LEXIS 47918, at *7-14 (S.D. Ala. June 23, 2008); *United States v. Strothers*, 2008 WL 2473686, 2008 U.S. Dist. LEXIS 47630, at *10-11 (W.D. Pa. June 19, 2008); *United States v. Finney*, 2008 WL 243559, 2008 U.S. Dist. LEXIS 46612, at *4-8 (W.D. Pa. June 16, 2008); *United States v. Austin*, 2008 WL 2412949, 2008 U.S. Dist. LEXIS 45925, at *5-6 (M.D. Pa. June 11, 2008); *United States v. Johnson*, __ F. Supp. 2d __, 2008 WL 2260052, 2008 U.S. Dist. LEXIS 43346, at *10-13 (W.D. Va. June 3, 2008); *United States v. Roberson*, 2008 WL 2020209, 2008 U.S. Dist. LEXIS 37604, at *6 (M.D. Pa. May 8, 2008); *United States v. Julien*, 2008 WL 1933340, 2008 U.S. Dist. LEXIS 36327, at *5-6 (D. Me. May 2, 2008); *United States v. Osuna*, 2008 WL 1836943, 2008 U.S. Dist. LEXIS 32957, at *7-11 (E.D.N.Y. Apr. 22, 2008); *United States v. Eugene*, 2008 WL 1803628, 2008 U.S. Dist. LEXIS 32901, at *4-5 (W.D. Va. Apr. 21, 2008); *Montes v. United States*, 2008 WL 906079, 2008 U.S. Dist. LEXIS 26985, at *5-6 (S.D.N.Y. Apr. 3, 2008); *United States v. Means*, 2008 WL 718158, 2008 U.S. Dist. LEXIS 20069, at *6 (M.D. Fla. Mar. 14, 2008); *United States v. Cruz*, 2008 WL 539216, 2008 U.S. Dist. LEXIS 14649, at *9-17 (E.D.N.Y. Feb. 27, 2008); *United States v. Hopkins*, 2008 WL 504002, 2008 U.S. Dist. LEXIS 13169, at *4 (N.D. Iowa Feb. 21, 2008). This Court finds the reasoning of these courts persuasive.

"A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)(quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)). As indicated above, § 3582(c)(2) is a statutory exception to the general rule that federal courts lack jurisdiction to modify a

sentence once it has been imposed. Section 3582(c)(2) is narrowly drawn to allow a federal court to reduce a term of imprisonment only if such a reduction is "consistent with the applicable policy statements by the Sentencing Commission." Here, the applicable policy statement provides that this Court must only substitute the amended guideline range for that in effect at the time of sentencing and must leave all other sentencing decisions intact. *See* U.S.S.G. § 1B1.10(b)(1), p.s. Applying *Booker* to reduce Defendant's term of imprisonment beyond that afforded by the amended guideline range would be inconsistent with the applicable policy statement, negating the limits imposed by Congress on a federal court's ability to reduce a term of imprisonment under § 3582(c)(2). Moreover, apart from the jurisdictional bar, the Sixth Amendment concerns that prompted the *Booker* decision "are simply not in play in the context of a sentence reduction under § 3582(c)(2)." *Julien*, 2008 U.S. Dist. LEXIS 36327, at *6; *see also Speights*, 2008 U.S. Dist. LEXIS 47918, at *8 ("To frame [the process under 3582(c)(2)] (which can only redound to a defendant's benefit and never to [her] detriment) as some sort of mandatory undertaking that might trigger Sixth Amendment concerns under *Booker* is inaccurate."). Consequently, contrary to Defendant's argument, *Booker* does not allow this Court to reduce Defendant's term of imprisonment under § 3582(c)(2) beyond that which is permitted by U.S.S.G. § 1B1.10, p.s.[3]

## IV. Conclusion

Based on the foregoing, the Court finds that a reduction in Defendant's term of

---

[3] Even if *Booker* were applicable to Defendant's motion, the Court in its discretion would conclude that a sentence of 135 months was reasonable.

7

imprisonment from 168 to 135 months is warranted.

An Order Regarding Motion for Sentence Reduction consistent with this Opinion shall issue.

                                                              <u>s/PATRICK J. DUGGAN</u>
                                                              UNITED STATES DISTRICT JUDGE

Copies to:
Patricia Gaedeke, AUSA
John C. Schultes, Esq.